UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY KARTTUNEN,

    Plaintiff,                            Case No. 06-13388

v.                                          Hon. John Corbett O'Meara

DAVID CLARK,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

Before the court is Defendant's motion for summary judgment, filed July 20, 2007. Plaintiff filed a response on August 10, 2007; and Defendant submitted a reply brief on August 23, 2007. The court heard oral argument on September 27, 2007, and took the matter under advisement. For the reasons discussed in this opinion, Defendant's motion is denied.

## BACKGROUND FACTS

This case involves Plaintiff's claim under 42 U.S.C. § 1983 that Defendant used excessive force in arresting him. Defendant David Clark is a Michigan State Police trooper. He was dispatched to Plaintiff's home on November 10, 2004, to investigate a hit and run accident. The dispatcher also informed Clark that there was a warrant for Plaintiff's arrest issued from Shiawassee County. When Clark arrived at Plaintiff's residence, he knocked on the door, but received no response. Clark then looked into a window and saw Plaintiff sleeping. Clark knocked on the window and awoke Plaintiff, who came to the door.

Clark informed Plaintiff that he had "a message" for him and asked him to step out of the house. Plaintiff asked Clark to give him the message through the door, but Clark refused. Clark

told Plaintiff that he needed to come outside to hear the message, or Clark would impound his truck. According to Plaintiff, after he opened the door, Clark pulled him out of the house by his arm, put his other arm behind his back and "body slammed or tackled me to the porch head first and came down on top of me with his knee on my back." Pl.'s Dep. at 31. Plaintiff contends that he hit his face on the concrete porch, sustaining a cut above his eye as well as head, back, and shoulder injuries. Clark then got Plaintiff to his feet and put him in a patrol car.

Clark provides a slightly different version of events. According to Clark, he asked Plaintiff to step out onto the porch, but Plaintiff refused. Clark then grabbed Plaintiff's arm and ordered him to step out. Plaintiff tried to pull away from Clark, but Clark used the momentum to "continue on. And I came down on top of him." Clark Dep. at 59. Clark referred to this as a "controlled takedown." Id. According to Clark, Plaintiff hit his head on the door frame on the way down. After Plaintiff was on the ground, Clark handcuffed him. Clark did not tell Plaintiff he was under arrest until after he handcuffed him.

Subsequently, Plaintiff was charged in state court for resisting arrest. Initially, the charge was not bound over at the preliminary examination, because Clark did not inform Plaintiff he was being arrested until after the fact. Upon appeal, however, the charge proceeded and Plaintiff pleaded no contest.

Defendant argues that because Plaintiff pleaded no contest to resisting arrest, he is estopped from claiming that he did not resist in this action. Defendant contends that because Plaintiff resisted arrest, Defendant was entitled to use some force and the force he used was objectively reasonable.

**LAW AND ANALYSIS**

"Determining whether the force used to effect a particular seizure is 'reasonable' under the circumstances requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests at stake." See Graham v. Connor, 490 U.S. 386, 396 (1989) (citation and internal quotation marks omitted).

> Because "[t]he test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

Id.

Defendant argues that because Plaintiff resisted arrest, he was entitled to use some force. Defendant contends that Plaintiff is estopped from denying that he resisted arrest, because he pleaded no contest to the charge in state court.

The fact that Plaintiff pleaded no contest to resisting arrest does not necessarily preclude his excessive force claim. See Donovan v. Thames, 105 F.3d 291, 295 (6th Cir. 1997); Sigley v. Kuhn, 205 F.3d 1341 (6th Cir. 2000) (unpublished). The Supreme Court has held that issues decided in a state court criminal proceeding may have a collateral estoppel effect in a § 1983 action, but only as to relitigation of the same issues that were previously decided in the criminal proceeding. See Allen v. McCurry, 449 U.S. 90, 103-104 (1980). In determining whether there is a preclusive effect, the court must look to state law. See Donovan, 105 F.3d at 294-95.

Under Michigan law, collateral estoppel applies to issues that were actually litigated and reduced to a valid judgment. See Lichon v. American Universal Ins. Co., 435 Mich. 408, 428

(1990). In Michigan, a nolo contendere plea "cannot be considered 'actual litigation,' at least not in terms of collateral estoppel jurisprudence. The essence of a nolo contendere plea is in its name, 'nolo contendere,' or, 'I will not contest it.' If the charges are uncontested, they are necessarily unlitigated." Id. at 429. Further, even if the issue of resisting arrest was litigated, the issue of the reasonableness of the force used was not litigated in the state proceeding.

Defendant relies upon Walker v. Schaeffer, 854 F.2d 138 (6th Cir. 1988) for the proposition that Plaintiff's nolo contendere plea has a preclusive effect. In Walker, the plaintiffs pleaded no contest to reckless driving charges. They then filed § 1983 claims for false arrest and false imprisonment. The court found that the plaintiffs' no contest pleas amounted to an admission of guilt and estopped them from asserting that the officers acted without probable cause.

Walker was not, however, decided under Michigan law. The Michigan Supreme Court expressly declined to follow Walker and stated that "we believe the Sixth Circuit is incorrect in its assertion that a nolo contendere plea should be treated as an admission." Lichon, 435 Mich. at 424 n.13. Defendant points out that since Lichon, the Michigan Rules of Evidence have been amended to permit the admission of nolo contendere pleas under some circumstances. See Mich. R. Evid. 410. Although Defendant argues that the holding in Lichon has been undermined by this amendment, the court finds that Lichon remains viable for the purposes of this case. The amendment of Michigan's Rule 410 does not impact the Lichon court's ruling that a nolo contendere plea cannot be considered "actual litigation" for the purposes of collateral estoppel. See Lichon, 435 Mich. at 428-29 ("A plea of *nolo contendere* by definition obviates actual adjudication and under prevailing interpretation is not an admission.") (citation omitted).

Because Defendant's motion is premised on the incorrect assertion that Plaintiff is estopped from denying that he resisted arrest, the court will deny the motion. Under Plaintiff's version of the facts, he did not resist at all, and thus no force was necessary. A grant of qualified immunity is likewise inappropriate, given the factual dispute between the parties; Defendant does not argue that he is entitled to qualified immunity even under Plaintiff's version of the facts. See Champion v. Outlook Nashville, Inc., 380 F.3d 893, 900 (6th Cir. 2004) ("[W]here the legal question of qualified immunity turns upon which version of the facts one accepts, the jury, not the judge, must determine liability.").

Accordingly, IT IS HEREBY ORDERED that Defendant's July 20, 2007 motion for summary judgment is DENIED.

s/John Corbett O'Meara<br>
United States District Judge

Dated: October 02, 2007

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 3, 2007, by electronic and/or ordinary mail.

s/William Barkholz<br>
Case Manager