UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY KARTTUNEN,

    Plaintiff,                                          Case No. 06-13388

v.                                                        Honorable John Corbett O'Meara

DAVID CLARK,

    Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S DELAYED MOTION FOR SUMMARY JUDGMENT

This matter came before the court on Defendant David Clark's supplemental brief based on Heck v. Humphrey, 512 U.S. 477 (1994), filed on June 9, 2008. Plaintiff Jeffrey Karttunen filed his response the same day. Although Clark's brief was not technically a motion, the court will treat it as a delayed motion for summary judgment for purposes of this opinion and order.

## BACKGROUND FACTS

This case involves Plaintiff's claim under 42 U.S.C. § 1983 that Defendant used excessive force in arresting him. Defendant David Clark is a Michigan State Police trooper. He was dispatched to Plaintiff's home on November 10, 2004, to investigate a hit and run accident. The dispatcher also informed Clark that there was a warrant for Plaintiff's arrest issued from Shiawassee County. When Clark arrived at Plaintiff's residence, he knocked on the door, but received no response. Clark then looked into a window and saw Plaintiff sleeping. He then knocked on the window and awoke Plaintiff, who came to the door.

Clark informed Plaintiff that he had "a message" for him and asked him to step out of the house. Plaintiff asked Clark to give him the message through the door, but Clark refused. Clark told Plaintiff that he needed to come outside to hear the message, or Clark would impound his truck. Plaintiff claims that after he opened the door, Clark pulled him out of the house by his arm, put his other arm behind his back and "body slammed or tackled me to the porch head first and came down

on top of me with his knee on my back." Pl.'s Dep. at 31. Plaintiff contends that he hit his face on the concrete porch, sustaining a cut above his eye as well as head, back, and shoulder injuries. Clark then handcuffed Plaintiff, got him to his feet, and then put him in a patrol car. Clark did not tell Plaintiff he was under arrest until after he handcuffed him. Subsequently, Plaintiff was charged in state court for resisting arrest. Initially, the charge was not bound over at the preliminary examination, because Clark did not inform Plaintiff he was being arrested until after the fact. Upon appeal, however, the charge proceeded and Plaintiff pleaded no contest.

## STANDARD OF REVIEW

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The court the facts and the inferences "in the light most favorable to the nonmoving party." Birch v. Cuyahoga County Probate Court, 392 F.3d 151, 157 (6th Cir. 2004).

## LAW AND ANALYSIS

As noted above, Plaintiff pleaded no contest to a state charge of resisting arrest. The Supreme Court in Heck v. Humphrey stated that

> [the] court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit. Heck, 512 U.S. at 487.

The Sixth Circuit applied Heck to section 1983 excessive force claims in Cummings v. City of Akron, 418 F.3d 676 (6th Cir. 2005). In Cummings, the plaintiff was charged with two counts of assaulting a police officer and resisting arrest, as well as several drug counts. Cummings unsuccessfully appealed the counts before pleading no contest to a reduced charge of

2

misdemeanor assault on an officer. Cummings, 418 F.3d at 682-83. The facts in Cummings' section 1983 suit stemmed from the events of his arrest. Cummings' excessive force claim was Heck barred because success on the claim would have implied that his state court claim was invalid and because he could have raised excessive force as a defense to his assault charge, but chose not to do so. Id.

In similar fashion, the facts alleged by both Plaintiff and Defendant involve the struggle to arrest Plaintiff. It is that struggle that led to Plaintiff's plea of resisting arrest and to this claim of excessive force. There are not any allegations that Defendant used excessive force after Plaintiff was arrested. As was the case in Cummings, Plaintiff could have used excessive force as a defense to the charge of resisting arrest. Instead, it appears Plaintiff chose to forego this defense, and avail himself of a nolo contendre plea. One of the necessary elements of a conviction for resisting arrest is that a lawful arrest occurred. People v. Little, 434 Mich. 752, 755 n.5 (1990). As such, Plaintiff's resisting arrest plea and this excessive force claim are inextricably intertwined, leaving this claim of excessive force barred by the Heck doctrine. See also Hill v. Dalbec, No. 07-11954, 2007 WL 4181654 (Zatkoff, J.) (E.D. Mich. Nov. 27, 2007); Ryan v. Hazel Park, No. 05-74815, 2007 WL 1174906 (Battani, J.) (E.D. Mich. Apr. 20, 2007).

**ORDER**

The court concludes that Plaintiff's claim is barred by Heck v. Humphrey. Accordingly, IT IS ORDERED that Defendant's Delayed Motion for Summary Judgment is GRANTED.

IT IS SO ORDERED.

                                            s/John Corbett O'Meara
                                            United States District Judge

Date: June 12, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, June 12, 2008, by electronic and/or ordinary mail.

s/William Barkholz

Case Manager