UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JEFFREY KARTTUNEN,

    Plaintiff,                              Case No. 06-13388

v.                                          Hon. John Corbett O'Meara

DAVID CLARK,

    Defendant.
_____/


## ORDER REGARDING *IN LIMINE* MOTIONS

Before the court are several *in limine* motions: (1) Plaintiff's motion in limine to exclude Plaintiff's post-arrest statements; (2) Plaintiff's motion in limine to preclude evidence regarding Plaintiff's alcohol use; (3) Plaintiff's motion in limine to preclude evidence of Plaintiff's criminal history; (4) Defendant's motion in limine to preclude reference to state district court dismissal of charges; (5) Plaintiff's motion in limine to preclude admission of Plaintiff's pre-sentence report; and (6) Plaintiff's motion in limine to preclude evidence of civil or criminal lawsuits involving Plaintiff.  Plaintiff requests that the court rule upon these motions prior to trial, which is scheduled for January 11, 2011.

In the first motion, Plaintiff seeks to exclude certain post-arrest statements.  The court will GRANT IN PART this motion, with respect to the "crack niggers" statement.  With respect to the other statements, the court will DENY the motion WITHOUT PREJUDICE, so as to view the statements in the context of the evidence at trial.

In the second motion, Plaintiff seeks to preclude evidence regarding his alcohol use.

Defendant responds that there is a factual dispute as to whether Plaintiff was intoxicated on the night of his arrest. The court will decide this issue in the context of the evidence at trial and will DENY the motion WITHOUT PREJUDICE at this time.

In the third motion, Plaintiff requests the exclusion of evidence related to his criminal history, including various traffic offenses and a marijuana possession charge. The court will GRANT IN PART Plaintiff's motion, pursuant to Fed. R. Evid. 403 and 404, subject to the court's ruling on the sixth motion, *infra*.

In the fourth motion, Defendant seeks to exclude reference to the initial dismissal of Plaintiff's resisting arrest charge (which was ultimately overturned). Consistent with the court's ruling on the previous motion, Defendant's motion is GRANTED.

In the fifth motion, Plaintiff seeks to preclude the admission of his pre-sentence report. The court will GRANT the motion, with respect to the report itself; however, this does not preclude Defendant from offering impeachment evidence through Plaintiff's probation officer.

In the sixth motion, Plaintiff seeks to exclude evidence of civil or criminal lawsuits involving Plaintiff. Defendant contends that he may offer evidence that (1) Plaintiff's arrest on the night in question was in part based upon an outstanding warrant for leaving the scene of an accident; (2) Defendant came to Plaintiff's home to investigate a hit-and-run involving Plaintiff's vehicle; and (3) Plaintiff was convicted of the charges of leaving the scene of the accident and of resisting arrest. The court is not convinced that Plaintiff's conviction for leaving the scene of an accident or his no contest plea for resisting arrest are admissible. The other evidence Defendant seeks to offer may be admissible, depending upon how it fits with the evidence elicited at trial. At this time, the court will DENY WITHOUT PREJUDICE this motion in its entirety, to be

addressed in the context of the evidence at trial.

**SO ORDERED.**

                                                  s/John Corbett O'Meara
                                                  United States District Judge

Date: October 20, 2010

       I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 20, 2010, using the ECF system.

                                                    s/William Barkholz
                                                    Case Manager